**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5212**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ULYSSES SAMUEL HENSEN,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:10-cr-00388-D-1)

Submitted:  August 21, 2012          Decided:  August 28, 2012

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Bradley L. Henry, BREEDING & DOTHARD, LLC, Knoxville, Tennessee, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ulysses Samuel Hensen appeals from his conviction and 120-month sentence following his guilty plea, pursuant to a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). Hensen's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but questioning whether the guilty plea[1] is valid, whether Hensen knowingly and voluntarily waived his right to appeal, and whether the district court erred in sentencing Hensen. Hensen filed a pro se document challenging the validity of his plea and the calculation of the Guidelines range.[2] The Government has moved to dismiss Hensen's appeal of his sentence, asserting the appeal is precluded by the waiver of appellate rights in Hensen's plea agreement. We grant the Government's motion, dismiss the appeal in part, and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan,

_____

[1] Although counsel captioned this argument a challenge to the plea agreement, it is clear from the substance of the claim that he challenges the validity of the guilty plea itself.

[2] Hensen was granted two extensions of time, until August 13 2012, to file a pro se supplemental brief more effectively addressing these issues. That date has passed and Hensen has filed nothing more. We have considered the pro se issues, however, and conclude they are either waived or without merit.

592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002). The question of whether a defendant validly waived his appeal rights is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

Our review of the record leads us to conclude that Hensen knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss the appeal of Hensen's sentence and dismiss this portion of the appeal.

We next consider Hensen's challenge to the validity of his guilty plea, an issue not foreclosed by Hensen's appellate waiver. Because Hensen did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To satisfy the plain error standard, an appellant must show: "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Hensen satisfies these requirements, correction of the error lies within our discretion, if we decide that the error

3

"seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

Our review of the record reveals that the district court fully complied with the requirements of Rule 11 in accepting Hensen's guilty plea. The district court properly informed Hensen of the rights he was forfeiting as a result of his plea and the nature of the charges and penalties he faced, and found that Hensen was competent and entered his plea voluntarily. The record establishes that Hensen knowingly and voluntarily entered into his guilty plea with a full understanding of its consequences, and that the district court ensured the existence of a sufficient factual basis. Therefore, there was no error in the district court's acceptance of the plea.

As required by Anders, we have reviewed the entire record and have found no issues that are meritorious and outside the scope of the waiver. We therefore affirm Hensen's conviction. We deny counsel's motion to withdraw. This court requires that counsel inform Hensen, in writing, of his right to petition the Supreme Court of the United States for further review. If Hensen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from

4

representation. Counsel's motion must state that a copy thereof was served on Hensen. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>